[No. 15577. Department One. March 12, 1920.]

MINNIE V. WESSELS, *Administratrix etc., Appellant,* v. STEVENS COUNTY, *Respondent.*[1]

HIGHWAYS (62, 67)—NEGLIGENCE—FAILURE TO ERECT BARRIER OR WARNING SIGN—EVIDENCE—SUFFICIENCY. A county is not negligent in failing to erect a barrier or warning sign at a sharp curve around the brow of a hill above a precipitous decline to a canyon below, where there was a good gravel road fourteen feet wide over which many automobiles passed and the curve presented no extraordinary condition or unusual hazard, as compared with other curves.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered May 28, 1919, dismissing an action for wrongful death, upon granting a nonsuit, after trial on the merits before a jury. Affirmed.

[1]Reported in 188 Pac. 490.

*S. A. Bostwick,* for appellant.

*Osee W. Noble* and *F. Leo Grinstead,* for respondent.

MAIN, J.—The plaintiff brought this action as administratrix of the estate of Martin J. Wessels, deceased, for damages for his death alleged to have been caused by the negligence of the defendant county. The cause, after the issues were framed, came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, the defendant moved for a nonsuit. This motion was granted and a judgment entered dismissing the action, from which the plaintiff appeals.

The accident which caused the death of the deceased occurred on what is known as the hill road between Spokane and Colville. It was a good gravel road and one of the principal thoroughfares between these two cities. On the evening of January 5, 1918, the deceased was traveling over the highway in an automobile driven by one Loyal Clark. At the point where the accident occurred, the road makes a sharp or abrupt curve around the brow of the hill. Below the road at this point is a valley or canyon several hundred feet wide. The decline to the valley below is precipitous. The turn is described as a 100 degree curve. The roadway at this point was approximately fourteen feet wide. The accident occurred about six o'clock in the evening, it being then dark. The deceased was riding in the front seat with the driver of the car. As the automobile was rounding the curve, it passed outside of the outer beaten track to the brink of the decline and rolled down the hill. The deceased went down the hill with the car and sustained the injuries from which he died a few days later. The lights on the automobile

were good, and focused upon the road about forty feet in front of the car. It was traveling eight or ten miles per hour at the time and could be stopped at that speed within its length. The road approaching the brow of the hill over which the automobile passed just prior to the accident was practically level and straight.

The negligence alleged was the failure to have any warning sign or barrier at the curve. It is the admitted rule that a county is required to keep its highways in a reasonably safe condition for ordinary travel. The evidence shows that a large number of automobiles passed over this road every week. There is no map or drawing in the record showing the exact situation, but there are a number of photographs taken in connection with the testimony, by which the condition of the road and the curve are made reasonably apparent. One of these photographs, referred to as exhibit five, shows the highway at the curve, the point of the hill on the upper side, and a man standing at the brink of the decline looking over the valley. The evidence shows that the point where the man is standing is where the automobile went over. At this point the distance between the outside traveled track of the roadway and the place where the man is standing is a number of feet. The appellant admits that, if this were a hillside road, there would be no cause of action.

Whether the county was negligent in not maintaining a warning sign or barrier depends upon whether the road at the curve presented an extraordinary condition or unusual hazard. There are probably hundreds of just such curves upon the highways of this state, and if it were held that the county failed in the performance of its duty by not having a warning sign or barrier here, the same would be true of every other similar situation.

In *Leber v. King County*, 69 Wash. 134, 124 Pac. 397, 42 L. R. A. (N. S.) 267, it is said:

"Here we have a road graded and in repair, fifteen feet wide, which is wide enough for all ordinary travel unless it be in the populous centers of the state. We think it will require no argument to make plain the fact that here there was no extraordinary condition or unusual hazard of the road. A similar condition is to be found upon practically every mile of hill road in the state. The same hazard may be encountered a thousand times in every county of the state. Roads must be built and traveled, and to hold that the public cannot open their highways until they are prepared to fence their roads with barriers strong enough to hold a team and wagon when coming in violent contact with them, the condition being the ordinary condition of the country, would be to put a burden upon the public that it could not bear. It would prohibit the building of new roads and tend to the financial ruin of the counties undertaking to maintain the old ones. The unusual danger noticed by the books is a danger in the highway itself. It may become a question for the jury. Such was the condition in the *Neel* case. [*Neel v. King County*, 53 Wash. 490, 102 Pac. 396.]"

It is true the accident in that case happened upon a hillside road, but the principle is applicable to the present case, because there was no unusual danger or extraordinary hazard at this curve as compared with other similar curves. The case of *Beach v. Seattle*, 85 Wash. 379, 148 Pac. 39, is not controlling. There the accident happened in a thickly populated city at the end of a paved street which was crossed by a gulch. The automobile went down the street and into the gulch. The incandescent light on a pole nearby tended to obscure the gulch and give it the appearance of the continuation of the street in an unpaved condition.

Since the evidence fails to present a question of fact, as to whether the road at the curve where the

accident happened presented an extraordinary condition or unusual hazard, there is no question to submit to the jury.

The judgment will be affirmed.

HOLCOMB, C. J., PARKER, TOLMAN, and MITCHELL, JJ., concur.