## Christopher's Administrator v. Louisville & Nashville Railroad Co. et al.

(Decided May 7, 1935.)

DULIN MOSS and BEN T. QUINN for appellant.

LESLIE W. MORRIS and JAMES P. HANRAHAN for appellee City of Frankfort.

ASHBY M. WARREN and J. M. WHITE for appellee Louisville & N. R. Co.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is an action to recover damages from the death of Anna Will Christopher. The basis of the recovery is unique and unusual. The city of Frankfort is of the third class and the Louisville & Nashville Railroad Company is a corporation, owning and operating a railroad in and through Franklin county, Ky. They are sued for damages for her death because of their failure to erect and maintain a guard on the side of a county highway. It is alleged that its absence was the proximate cause of her death. The city of Frankfort and the railroad company, by ordinances, the regularity of which is not disputed, entered into a contract by which the city acquired a certain bridge located within the city, and the railroad company the authority and right to construct a bridge and approaches within the city. At the time the ordinances were adopted, the city and the railroad company were under the impression the highway, to which we shall hereafter advert, was within the city, when in reality it was a county highway. In pursuance to the ordinances, the railroad company constructed its bridge with approaches and in doing so it elevated a portion of the county highway at, and south of, the west approach, and in some places widened the highway.

At a point 285 feet south of the railroad track which enters the west end of the bridge constructed under the ordinances, on the night of January 27, 1931, Anna Will Christopher, with three young men, was riding in an automobile, when it "plunged over" the embankment on the east side of the highway into Kentucky river. She was drowned. The highway skirts the west bank of Kentucky river for 600 or 700 feet, and is about 16 feet wide. At the time the railroad company constructed the new bridge and the approach it elevated the highway, running south from where it crosses the railroad track for a distance of several hundred feet, so as to construct a suitable crossing for the use of public travel. The new bridge, its approach, and the reconstruction of the highway south of the railroad track were completed in 1929.

The issues were made up by appropriate pleadings, and at the close of the evidence of the parties the court directed a verdict for the city and the railroad company. Of this, the administrator now complains. He cites no authority to sustain his position. Conceding in his brief

that it is shown by the evidence that the highway from which the automobile in which the deceased was riding at the time it ran therefrom into the river was a county highway, the administrator argues that "it is our contention that it does not matter that Taylor Avenue or River Road is in the county, and therefore, outside of the city, that it is the duty of the city to place a barrier along the east side of the River Road or to have compelled the railroad company to have done so, because unless the river is high, which it was not on this occasion, the death of a person drowning in the river would be bound to occur within the city limits, and if the city did not place the barrier at the top of the bank, it would be obliged and obligated to place it at the low water mark." Continuing, he says:

> "We have been unable to find any authorities bearing directly on this point; i. e., where a condition exists in one jurisdiction making it possible and certain to sustain damages in another that either jurisdiction would be liable for damages in case of an accident."

We frankly admit that we have not endeavored to find authority sustaining his position. We readily find, however, authority that even though the highway from which the automobile traveled into the river was a street of the city, it would not be liable for damages on the facts. See Watkins' Adm'r v. City of Catlettsburg, 243 Ky. 197, 47 S. W. (2d) 1032; City of Catlettsburg v. Sutherland's Adm'r, 247 Ky. 540, 57 S. W. (2d) 512; Louisville & N. R. Co. v. Mount, 125 Ky. 593, 101 S. W. 1182, 31 Ky. Law Rep. 210; Briglia v. City of St. Paul, 134 Minn. 97, 158 N. W. 794, 795, L. R. A. 1916F, 1216; Orcutt v. Kittery Point Bridge Co., 53 Me. 500; Griggsby v. Chappell, 5 Rich. (S. C.) 443; Angell on Highways (3d Ed.) secs. 8, 272; Shearman & Redfield on Negligence (4th Ed.) secs. 397-401.

Under subdivision 5, section 768, Ky. Stat., in reconstructing the highway and crossing, it was the duty of the railroad company to restore the highway to its former condition as near as may be, and the evidence showing that it did so is not contradicted. Neither the ordinances of the city under which the highway was reconstructed, nor the statutes, required the railroad company to erect or maintain a guard along the side

of the highway or at the top of the embankment, or at all. It was under no obligation in respect thereto other than that which either the ordinances or the statutes imposed on it.

Evidence was offered to establish that north of the railroad company's right of way the railroad company and the city have erected and maintain a wall, 2 or 3 feet high at the top of the river bank, and they did so to protect the traveling public from the danger of vehicles leaving the highway. Such evidence was merely argumentative, irrelevant, and incompetent. The court properly excluded it.

We are convinced the court did not err in directing a verdict for the city and the railroad company.

The judgment is affirmed.