# City of Bellevue v. Hall.

May 28, 1943.

William J. Wise and Walter C. Wagner for appellant.

Benton & Benton for appellee.

OPINION OF THE COURT BY PERRY, COMMISSIONER—
Reversing.

This action was brought by the appellee, Edward Hall, against the defendant City of Bellevue, a municipality of the fourth class, seeking recovery of damages for personal injuries sustained while employed by it as a carpenter in covering over an opening or "stair well" in the first floor of its city hall.

Upon trial of the cause the jury returned a verdict awarding plaintiff damages in the amount of $3,500.

Questioning the propriety of the judgment pronounced on that verdict, the defendant's motion and grounds for a new trial having been overruled, it appeals, asking its reversal.

Preliminary to our consideration of the merits of this appeal, it may here be observed that no bill of evidence, approved by the trial court and made a part of the record by its order filing it within the proper time, has been brought before us, nor do we find that the particular grounds here urged and argued for reversal were included among those assigned and relied on in the appellant's motion made for a new trial in the lower court. Therefore, in determining the merit of the appeal, we are, under the well-settled rule applicable in such cases (to which appellee assents), confined in our consideration of the appeal to the determination of but the one question presented, as to the sufficiency of the pleadings to sustain the verdict. Bingham v. Mills, 275 Ky. 552, 122 S. W. (2d) 133; Oeltjen v. Oeltjen, 251 Ky. 739, 65 S. W. (2d) 1,004; Bobbitt v. Blakemore, 153 Ky. 170, 154 S. W. 941; Harrison v. Martin, 272 Ky. 307, 114 S. W. (2d) 112.

Such being the task confronting us of deciding this question, we may best, in approaching it, first consider what are the factual allegations of the petition for the purpose of thereby determining their sufficiency to state a cause of action.

The petition, after first alleging that the defendant City of Bellevue is a municipal corporation of the fourth class, vested with all the rights and powers granted by the Legislature to cities of that class, further alleges that the city was at all times mentioned therein an "employer" within the meaning of the Workmen's Compensation Act and that, although coming within its provisions, it had, by electing not to operate thereunder, omitted and neglected to provide plaintiff, as its employee, with the protections and benefits provided by the act. The petition then avers and pleads, as its cause of action, thus predicated on the act, and as the special negligence of defendant causing his injuries and upon which he bases his claim for recovery of compensation, that "on July 18, 1938, plaintiff, being then an employee of defendant * * *

was engaged at work as a carpenter in the remodeling of the present Bellevue City Hall together with other carpenters in the employ of said defendant, and under the direction and control of Fred C. Klette, as foreman, who also was and is in the employ of said defendant as foreman of said work and as Mayor of the City of Bellevue; that at the date and place heretofore mentioned and at or about 9 o'clock A. M. plaintiff was engaged in fitting a floor joist for the purpose of flooring over an open stair well in the first floor of said building and that for said purpose he was working on a scaffold (some two feet) below the level of said floor; that for the purpose of cutting said joist it was necessary for him to step from said scaffold to the first floor of said building adjacent to said stair well, and after so doing, and in order to maintain his balance, plaintiff took hold of a guardrail which had been placed around said stair well. Said guardrail had been erected by other persons employed by defendant * * prior to plaintiff's employment and prior to the time of his working at said stair well. Said *guardrail was insufficient for the purpose for which it was erected* and that when he touched and took hold of the said rail it broke and fell and by reason thereof plaintiff was hurled and fell upon the concrete basement floor of said building'' (parenthesis and italics ours), causing and resulting in his sustaining the certain serious, painful and permanent injuries to his face, head and other parts of his body, therein specifically set forth, and for which he seeks recovery of damages.

After thus specifying the negligence of the city relied on for recovery of damages against it, it further pleaded generally gross negligence on the part of the city as causing his accident and resulting injuries, ''in that its servants and employees superior in authority to plaintiff knew of such defective and unsafe condition of this guardrail it erected around and adjacent to his working place, or by the exercise of ordinary care could have known of it, but that its unsafe condition was not known to plaintiff nor could have been known to him by the exercise of ordinary care.''

Defendant, questioning the sufficiency of these allegations of the petition to state a cause of action against it, filed a general demurrer thereto, which the court overruled with exceptions; whereupon it filed its answer and two amendments thereto, wherein, after first controvert-

ing the material averments of the petition, it pleaded as its defenses to the action (1) plaintiff's contributory negligence, (2) that plaintiff's injuries were received while working as an employee and servant for and on behalf of the city when engaged in the exercise of its public or governmental function of repairing and maintaining its city hall, and (3) that if plaintiff sustained the injuries complained of while engaged as its employee in repairing its city hall, his said accident and resulting injuries were caused by his sole negligence and willful misconduct.

Plaintiff demurred to defendant's answer pleading these defenses and also filed a motion to strike therefrom the defense pleaded, that defendant, when thus acting in its governmental, rather than its proprietary, capacity, did not come within the provisions of the Compensation Act and therefore, the municipality, not being embraced as an "employer" within the meaning of the act and by reason thereof having no right of election to operate thereunder, it denied that it had negligently failed to provide plaintiff the benefits and protections of said act.

Upon hearing, plaintiff's motion to strike such defense from the city's answer was sustained and likewise was his demurrer thereto sustained, but to that part only of the answer where pleading such defense, that it did not come within the provisions of the act where, as here, it was acting governmentally. Plaintiff thereupon filed his reply, completing the issues.

Upon submission of the cause for judgment upon the pleadings, proof and instructions of the court (the latter two of which are not before us), the jury returned a verdict for the plaintiff.

From the judgment entered thereon this appeal is prosecuted, asking its reversal upon the two grounds urged that the trial court erred (a) in overruling appellant's demurrer to the petition and its amendment and (b) in requiring appellant to strike from its answer the defense of contributory negligence and that of nonliability under the Workmen's Compensation Act, KRS 342.001 et seq., by reason of appellee's being engaged in a governmental function at the time of sustaining his alleged injuries.

Appellant insistently contends and represents in support of its first ground urged for reversal, that the

court erred in overruling its demurrer to the petition, for the reasons: (1) That on the face of the petition no negligence attributable to appellant is recited and (2) that the maintenance of a city building by a municipal corporation is generally held to be a governmental function and, since appellee was when injured engaged in the occupation of maintaining the city hall, appellant is not bound by the provisions of the Kentucky Workmen's Compensation Act as to this appellee, who at the time of his alleged accident and injury was engaged in a governmental function for and on behalf of the city.

Our task here being only to determine the sufficiency of the pleadings to sustain the verdict and the defendant having raised such question as to the petition by its general demurrer filed thereto, which the court overruled, we will now consider the first of the grounds urged upon appeal, that the court erred in overruling its demurrer, thereby holding its allegations sufficient to state a cause of action.

Appellant insists that such ruling of the court was erroneous for the reason that on the face of the petition no negligence attributable to appellant was alleged.

It will be observed that the petition, by way of stating its cause of action against the city, merely alleges that plaintiff was at the time of sustaining his injuries working as an employee and servant of the appellant, a municipal corporation, at the task assigned him of flooring over the stair well or open space in the floor of its city hall.

In the light of the rule of pleading announced and applied in the case of City of Bowling Green v. Bandy, 208 Ky. 259, 270 S. W. 837, where a like action was brought by an employee of the city to recover damages for injuries sustained while engaged, as its employee, at the task of performing a governmental function of the city, we deem this contention meritorious. There the court, while recognizing that the general rules of pleading apply in actions ex delicto against municipal corporations, held that since the liability of a municipality for torts in the performance of corporate or private functions is the exception to the general rule of its immunity from liability for tort, the servant, in his action against it for injuries sustained, must allege that the city was not engaged in the performance of a governmental func-

tion when he, its employee, was injured, for the reason that it behooves the plaintiff who is seeking to impose liability for negligence contrary to the general rule to aver facts sufficient to manifest his right to do so; or, that is, must plead specifically or must allege enough to show that the municipality was not acting in its governmental capacity as one of the agencies of the state in enforcing necessary police and health regulations within its limits, and that the wrong or negligence complained of as causing his injuries was done by an officer or agent of the municipality while in the legitimate exercise of some duty of a corporate nature devolving upon him by law or by the direction or authority of the corporation. See, also, 28 Am. Jur., Section 665, page 372.

Clearly the allegation made in plaintiff's petition, that he was, when sustaining his injuries, working as the employee of the appellant municipality, was not sufficiently specific to meet or comply with the rule of pleading announced in the Bandy case, supra.

However, we are not disposed nor willing to decide on this technical rule of pleading alone that the trial court committed reversible error when overruling the demurrer to the petition, thereby holding it sufficient as stating a cause of action even though it failed to contain the specific allegations held requisite in the Bandy case and did contain the allegation that plaintiff, when injured, was working on behalf of the city in repairing and maintaining its city hall, which allegation was in itself by implication or in effect an allegation that the city was at such time performing a governmental function, inasmuch as, according to the general rule, the city in maintaining its city hall is exercising its governmental function or acting as an agency of the state and partakes of its sovereignty and is for such reason held, just as is the state, exempt from liability for damages in delictual actions brought against it by its employees for injuries sustained by them, where caused by the negligence of the city's officers and agents.

However, without pursuing further the sufficiency of the allegations of the petition when considered from the standpoint of their compliance with the technical rules of pleading or resting our decision upon such ground, we will next consider the sufficiency of the allegations of the petition to state a cause of action from the further standpoint of the first of the grounds urged

for reversal, that on the face of the petition no negligence attributable to appellant is alleged.

In determining the merit of this ground, it is to be noted that the petition specifies, as the special negligence of the defendant causing the plaintiff's injury while engaged in repairing the floor of the city hall, its alleged negligent construction of a guardrail, insufficient for the purpose for which erected, around the stair well or opening in the floor wherein plaintiff had erected a scaffold, on which he and a fellow carpenter stood, making it their working place, in doing the work assigned them of flooring over this stair well or opening in the first floor.

Conceding only by way of argument that this guardrail erected about their working place was defective in its construction and insufficient for the purpose for which it was erected, as alleged in the petition, the question then arises for what purpose or for whose benefit or protection did the city guardrail this opening.

Of course, there could be no negligence on the part of the city in defectively guardrailing this opening, in so far as the plaintiff is concerned, unless it owed him the protective duty of notifying and warning him of the location of this stair well or hole in the floor, in order to protect him from the danger of falling into it.

Where, as here, the plaintiff's working place was on the scaffold erected in this very stair well, clearly he can not be heard to say that the city owed him any duty of warning or notifying him, by guardrail or otherwise, of the presence and location of this stair well opening in the floor and, further, if it be conceded, as it must, that the city was under no duty to construct a guardrail about the opening for the protection of the plaintiff, when fully aware and advised thereof, it became immaterial, so far as the plaintiff was concerned, whether the guardrail was negligently, not properly and strongly, constructed, in that there can be no negligence where there is no duty owing, as negligence is but the failure to perform a duty. Watkins' Adm'r v. City of Catlettsburg, 243 Ky. 197, 47 S. W. (2d) 1032; Martin v. City of Winchester, 278 Ky. 200, 128 S. W. (2d) 543.

Further was it said in the Watkins case, with respect to the duty which a municipality owes to those using its streets, that:

"It has often been stated that that duty [of the municipality] is to use ordinary care to warn and protect persons against injury who themselves are using ordinary care for their own safety. While the word 'protect' carries the idea of preserving in safety or making absolutely safe, the sense in which it has been used in thus defining a city's duty is rather that of a synonym of 'guard,' 'warn,' or 'notify' " [243 Ky. 197, 47 S. W. (2d) 1033].

Clearly, therefore, the plaintiff is without ground or in a position to claim that the city owed him the duty of going through the vain procedure of warning or notifying him by a guardrail or other means of the location of this dangerous opening in the floor, where he was, by reason of its being his very place of work, intimately familiar with and fully aware of its existence and location.

Clearly the city, such being the situation of plaintiff, in constructing this guardrail about the stair well did so with the intent and for the puropse of protecting, by notifying and warning, not the plaintiff, but those of the public who might be using this floor of its public building, unaware of the presence and proximity of this dangerous stair well.

Further, the allegation of the petition, that the defendant city, in whose employ he was working at the time injured, was an "employer" within the meaning of the provisions of the Kentucky Workmen's Compensation Act (Section 4881, Kentucky Statutes—KRS 342.010) and as such was liable to him, as its employee, for personal injuries sustained by him in an accident arising out of and in the course of his employment, was insufficient to impose liability on his municipal employer, where he further alleged that he was injured when engaged on behalf of the city in exercising its governmental function of repairing and maintaining its city hall, for the reason or in view of the fact of this court's having construed Section 4881 of the Act as not applying to or making municipalities liable to their employees for injuries sustained by them while engaged in work connected with and on behalf of cities when engaged in exercising their governmental functions, such as that of repairing and maintaining their city halls, etc.

The trial court here, we conceive, erroneously sustained, as stated supra, the appellee's motion to strike

that part of the defense pleaded in the answer denying that it was an employer within the meaning of or coming within the provisions of the Workmen's Compensation Act and therefore that the city, coming within its provisions and yet not having elected to operate thereunder, was denied the right to plead the defense of contributory negligence and assumed risk on the part of the plaintiff, and accordingly ruled that such defense be stricken from the answer.

We having reached the conclusion that such ruling by the court was erroneous and should be set aside, it follows that the defendant municipality's right is restored to plead its common-law defenses of contributory negligence and assumed risk to plaintiff's action brought against it to recover damages, which was predicated on the Compensation Act.

The duty of an employer is not, unless made so by statute, as, for example, the Workmen's Compensation Act, an insurer of the safety of his employees. He is only liable to an employee for injuries received in the course of his employment and not because of the danger which inheres in the employment, but only by reason of negligence on the part of the employer.

> "It is elemental in every case involving the liability of an employer for an injury to his employee that in the absence of some special contract or statute expressly providing therefor, there can be no recovery unless the master has been negligent,—has been guilty of some breach of duty owing by him to the servant. An employer is liable for consequences not of danger, but of negligence, and hence, is not to be held accountable in damages for the consequence of what commonly is termed 'error of judgment,' or for anything he could not avoid by the exercise of care and foresight." 35 Am. Jur., Section 121, pages 549 and 550.

The established principles of negligence and an employer's liability therefor may be invoked in determining the question of whether the plaintiff employee of the city was here, independently of the fact that he at the time he was injured was working on behalf of the city in its performance of a governmental function, entitled to recover compensation for injuries alleged caused by the city's negligence in constructing an unsafe and insufficient guardrail about his place of work.

However, as stated supra, having reached the conclusion that the said guardrail, however constructed—whether properly or otherwise, was not erected either as part of the plaintiff's working place or for his protection or benefit, it follows that even if it be conceded that the guardrail was defectively constructed, such fact can not here be by plaintiff made a proper ground for recovery of damages. While under the common law a master or employer is required to maintain reasonably safe places or structures for his servants while in the performance of their work and reasonably safe approaches on which to go to and depart from their places of work (Staley v. Wehmeier, 187 Ky. 445, 219 S. W. 408; 37 C. J., Section 467, page 348), it is not here shown that such requirements were not complied with by the city, in that, construing the allegations of the petition most strongly against the pleader, it must be presumed that there were safe ways of ingress and egress to and from the scaffold, which was plaintiff's place of work, and that it was unnecessary for him, when wishing to go up onto the floor adjoining and adjacent to his place of work, to adopt the unsafe and uncertain way of using the adjacent guardrail for that purpose. Clearly this supposedly short way of going onto the floor, by the use of the guardrail adjacent to his place of work, was not the way provided by his master therefor and accordingly he did so use it at his own risk.

If, as plaintiff alleges in his petition, the guardrail was defective by reason of its horizontal boards having been nailed on the side of the uprights adjacent to his scaffold, rather than on the opposite side, due to which the board pulled loose when he took hold of it in stepping up onto the floor, clearly it was incumbent upon plaintiff to have exercised the ordinary care of inspecting the guardrail before using it, for the purpose of determining whether he might safely make such use of it. Clearly too, the guardrail being adjacent to and in front of plaintiff's place of work, its construction, if negligent and defective, was obvious and could have been easily observed by plaintiff by the exercise of any ordinary care. Therefore it would follow that, plaintiff having failed in his duty to exercise such care before attempting the use of the guardrail, which it is alleged, because of its defective condition, broke and caused him to fall, his injuries were brought about by his own negligence rather than that of the master in constructing the guardrail, even if defec-

tive, which was not erected for plaintiff's benefit or protection. Nor can it be said that the erection of the guardrail in question in anywise tended to make the place of work furnished plaintiff unsafe.

We are therefore led to conclude that the ground of error argued for reversal by appellant, that the court erred in overruling its demurrer to the petition, is for the reasons indicated meritorious.

Judgment reversed.