Joseph **LANZNER**, Appellant,

v.

Genevieve **WENTWORTH**, Administratrix of the Estate of Alva Wentworth, Deceased, et al., Appellees.

Court of Appeals of Kentucky.

May 29, 1958.

Rehearing Denied Sept. 19, 1958.

———◇———

Ben T. Cooper, Mayer, Cooper & Kiel, Louisville, for appellant.

James F. Thomas, John W. Coomes, New Castle, for appellees.

CULLEN, Commissioner.

■ Alva Wentworth was engaged in changing a tire on an automobile owned by Joseph Lanzner, on a heavily traveled highway, when he was struck and killed by an automobile driven by Lester Leeper. Wentworth's administratrix sued Lanzner and Leeper for damages for wrongful death, and recovered judgment, on a jury verdict, in the amounts of $10,000 against Lanzner and $11,683.37 against Leeper. Lanzner's motions for a directed verdict and for judgment notwithstanding the verdict were overruled. Lanzner has appealed, naming Wentworth's administratrix and Leeper as appellees, and contends that his motion for judgment notwithstanding the verdict should have been sustained on the grounds that Wentworth was contributorily negligent and that Lanzner's negligence, if any, was not a proximate cause of the accident.

Lanzner had sustained a flat left rear tire on his automobile at a point on U. S. Highway No. 42 a short distance east of Bedford, Kentucky, while he was driving eastward. The time was around noon, on June 7, 1956. He left his automobile standing in the south lane of the highway, with no portion of it off the pavement, and caught a ride back to Bedford, where he secured the services of Wentworth, a garage employe, to change the tire. Wentworth and Lanzner drove to the place where Lanzner's car was standing, in a garage pickup truck, which Wentworth parked on the north shoulder of the highway, completely off the pavement, opposite Lanzner's car. Wentworth then undertook to change the tire. While he was so engaged, and was standing or crouched near the left rear wheel, and south of the center line of the highway, the Leeper car approached from the west. Lanzner, who was standing a number of feet behind his car, waived his arms to call Leeper's attention to the situation, and Leeper swerved to the left to pass the Lanzner car in the north lane, but either because Leeper did not see Wentworth or because he did not have his car under control, he struck Wentworth, causing his death. The Leeper car did not strike the Lanzner car. The north lane of the highway was open and there was room for Leeper to have passed in safety.

We are unable to conceive of any basis upon which liability could be imposed upon Lanzner under these facts. In the first place, he was not negligent as to Wentworth. Negligence is the failure to perform a duty which one owes to another, and where there is no duty there is no negligence. Stull's Adm'x v. Kentucky Traction & Terminal Co., 172 Ky. 650, 189 S.W. 721; Quinn v. O'Bryan, 213 Ky. 776, 281 S.W. 1020; Auto Livery Co. v. Stone, 237 Ky. 686, 36 S.W.2d 349; Stober v. Embry, 243 Ky. 117, 47 S.W.2d 921; Trainor's Adm'r v. Keller, 257 Ky. 840, 79 S.W.2d 232; Meredith v. Fehr, 262 Ky. 648, 90

S.W.2d 1021; Commonwealth v. Madison, 269 Ky. 571, 108 S.W.2d 519; City of Bellevue v. Hall, 295 Ky. 57, 174 S.W.2d 24. Lanzner's violation of the statute, KRS 189.450, in leaving his car parked on the highway did not constitute a breach of any duty owed to persons in Wentworth's position.

In the second place, even if it should be considered that the violation of the statute was negligence as to Wentworth, the violation did not constitute a proximate cause of the accident. Tate v. Hall, 247 Ky. 843, 57 S.W.2d 986; Sweeney v. Schadler, Ky., 259 S.W.2d 680.

In the third place, the dangers involved in attempting to change a tire in the middle of a heavily traveled highway would be apparent to anyone, particularly a person engaged in the garage business, and to the extent that Lanzner could be held chargeable for creating the dangerous situation, Wentworth must be held to have assumed the risk. Carlisle v. Reeves, Ky., 294 S.W.2d 74.

The judgment against Lanzner is reversed, with directions to enter judgment dismissing the action as to him.