## SARAH F. OSTROM v. CITY OF SAN ANTONIO.

Decided December 9, 1903.

1.—Trespass—Damages—Measure of—Municipal Corporation.

The measure of damages for injury to property is the extent of the injury to such property. Exemplary damages may be recovered in a proper case, but it is only in exceptionable cases that vindictive damages, or more than compensation can be recovered against a municipal corporation. This case is affirmed on the facts.

2.—Same—"Mental Anguish."

"Vexation, humiliation and annoyance" are not elements of damages recoverable against a city for trespassing on land.

Appeal from the District Court of Bexar. Tried below before Hon. John H. Clarke.

*Edward Ostrom,* for appellant.

*Webb & Goeth,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This is a suit brought by appellant to recover damages against the city for breaking her close and trespassing upon her land. Judgment was rendered in her favor for $100, and she appeals from it.

The facts show the trespass complained of, but we can not say the evidence shows greater damages than were awarded by the judgment.

The appellant evidently is laboring under a misapprehension of the law as to the measure of damages in cases of this character.

The general principle upon which compensation for injuries to real property is given, is that the plaintiff shall be reimbursed to the extent of the injury to the property (Sedg. on Damages, sec. 932) ; and while exemplary damages may in proper cases be recovered for a willful injury to land (Sedg. on Damages, sec. 73), the case would be exceptional, indeed, when vindictive or more than compensatory damages can be recovered against a municipal corporation. Dill. Mun. Corp., sec. 1284.

While the courts have pushed the doctrine of mental anguish very far in this State, it has never been held here or elsewhere, as we know of, that "vexation, humiliation and annoyance" can be taken as elements of damages against a city for trespassing upon the lands of another.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.