### WARD BAKING CO. v. HOLTZOFF, United States District Judge.

Docket Nos. 20696–20708, 20720, 20745, 20746.

Circuit Court of Appeals, Second Circuit.
Nov. 3, 1947.

Inzer B. Wyatt, of New York City, for petitioners.

Herman E. Cooper, of New York City (Irving Rozen, of New York City, of counsel), for respondents.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

There are before us sixteen similar but separate petitions for prohibition and mandamus, to which the respondent has filed a single return by leave of court. Each petition prays that this court issue a writ of prohibition to prevent Judge Holtzoff and the other district judges in the southern district of New York from any further exercise of jurisdiction in an action brought against the petitioner, and issue a writ of mandamus requiring the respondent to vacate an order made by him overruling a motion to dismiss the complaint for lack of jurisdiction over the subject matter, and to enter an order declaring the district court to be without jurisdiction in said action.

From the petitions and the return the following facts appear. Each of the petitioners is a bakery company engaged in interstate commerce. Before the passage of the Portal-to-Portal Act which became effective May 14, 1947, Public Law 49, 80th Cong. 1st Sess., 29 U.S.C.A. § 251 et seq., a separate action was commenced against each of the petitioners, for and on behalf of employees in its bakery, under section 16 (b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), seeking overtime compensation together with liquidated damages and counsel fees. The complaint in each action was in similar form. It alleged that the defendant's employees during stated periods were employed in commerce and in the production of goods for commerce for work weeks longer than the work week specified in the Fair Labor Standards Act for such periods, and that the employer failed to compensate them for their excess hours at the statutory overtime rate of 1½ times the regular rates at which they were employed. The complaint did not allege the nature of the employees' activities during such excess hours; however, under the Fair Labor Standards Act, it sufficiently alleged a statutory cause of action and jurisdiction in the court. Shortly after the effective date of the Portal-to-Portal Act, each defendant moved for dismissal of the complaint for failure to state facts sufficient to show that the district court has jurisdiction over the subject matter of the action in accordance with the requirements of section 2 of that Act. This motion was denied by Judge Holtzoff, sitting in the southern district, on July 18, 1947, and an order to that effect was duly entered in each action. Thereafter the present petitions were filed in this court returnable on October 6th.

Relying upon the principle that jurisdictional facts must be affirmatively pleaded in the federal courts,[1] the petitioners argue that Judge Holtzoff should have granted their motions to dismiss because, after passage of the Portal-to-Portal Act, the absence of any allegations that the activities for which the employees seek overtime compensation were compensable either by express contractual provision or by custom or practice demonstrates that the complaint alleges no statutory liability and no basis of federal jurisdiction over the subject matter of the action.[2] Numerous district court cases, mostly in other circuits and not

[1] See Norton v. Larney, 266 U.S. 511, 515, 516, 45 S.Ct. 145, 69 L.Ed. 413; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182, 56 S.Ct. 780, 80 L.Ed. 1135; Kvos v. Associated Press, 299 U.S. 269, 278–280, 57 S.Ct. 197, 81 L.Ed. 183.

[2] The provisions of the Portal-to-Portal Act relied upon read as follows:

"Sec. 2(a): "No employer shall be subject to any liability * * * under the Fair Labor Standards Act of 1938 * * * (in any action or proceeding commenced prior to or on or after the date of the enactment of this Act), on account of the failure of such employer to pay an employee * * * overtime compensation, for or on account of any activity of an employee engaged in prior to the date of the enactment of this Act, except an activity which was compensable by either—

yet officially reported, have so decided, we are told. In substance the petitioners seek to use the extraordinary remedies of prohibition and mandamus as a means of reversing the district court's denial of their motions; they invoke our discretionary power to issue the writs because the order, being interlocutory, is not directly appealable and because litigation to a final and appealable judgment will, they say, not only entail delay and expense to the petitioners but will also contravene one of the expressed purposes of the Portal-to-Portal Act, namely, to relieve the courts of the burden of "excessive and needless litigation."

Although not unmindful of these considerations, we are not persuaded that issuance of the requested writs would be justified in the circumstances disclosed. "As extraordinary remedies, they are reserved for really extraordinary causes." Ex parte Fahey, 67 S.Ct. 1558, 1559, 91 L. Ed. —. Section 262 of the Judicial Code, 28 U.S.C.A. § 377, cannot be availed of to correct a mere error in the exercise of conceded judicial power, but may be used to prevent usurpation of power, if "the lower court is clearly without jurisdiction." Ex parte Chicago, R. I. & Pac. R., 255 U.S. 273, 275, 41 S.Ct. 288, 289, 65 L.Ed. 631; De Beers Mines v. United States, 325 U.S. 212, 217, 65 S.Ct. 1130, 89 L.Ed. 1566. We are not satisfied that the district court "clearly" lacks jurisdiction of the actions pending against the petitioners. Paragraph VIII of the respondent's return asserts that the actions "cannot be considered as 'Portal-to-Portal' cases"; it refers to section 332(5) of the New York State Labor Law, Consol.

Laws, c. 31, which requires bakery employees to wear clean clothes, and alleges that practically all of the employees employed by the petitioners have changed into uniforms provided by their employer on the employer's premises, and that since about May 1945 collective bargaining agreements have expressly provided that time spent in changing to and from such uniforms was compensable working time. These assertions, if established as facts in the actions, would seem to show that even under the Portal-to-Portal Act the employees may be entitled to some recovery. If so, any defect in pleading can be cured by amending the complaint. Smith v. McCullough, 270 U.S. 456, 460, 46 S.Ct. 338, 70 L.Ed. 682.

Moreover, in argument the respondent has raised the question whether the Portal-to-Portal Act can constitutionally destroy a right of action already accrued under the Fair Labor Standards Act as construed by the Supreme Court. The very existence of such a question indicates that the district court has jurisdiction of the subject matter of the actions. If we were to issue the requested writs we should necessarily have to hold that section 2(d) of the Portal-to-Portal Act was valid. It is inexpedient to attempt to decide a constitutional question such as this in vacuo; after the facts respecting the employees' overtime activities have been fully developed, the answer may more clearly appear. See Borden's Co. v. Baldwin, 293 U.S. 194, 213, 55 S.Ct. 187, 79 L.Ed. 281.

Finally, it may be noted that the petitioners' fear that costly, protracted and unnecessary litigation will follow denial of the writs seems somewhat exaggerated.

"(1) an express provision of a written or nonwritten contract * * * or

"(2) a custom or practice in effect, at the time of such activity, at the establishment or other place where such employee was employed, covering such activity, not inconsistent with a written or nonwritten contract, in effect at the time of such activity, between such employee, his agent, or collective-bargaining representative and his employer."

Sec. 2(b): "For the purposes of subsection (a), an activity shall be considered compensable under such contract provision or such custom or practice only when it was engaged in during the portion of the day with respect to which it was so made compensable."

Sec. 2(d): "No court of the United States * * * shall have jurisdiction of any action or proceeding, whether instituted prior to or on or after the date of the enactment of this Act, to enforce liability * * * for or on account of the failure of the employer to pay * * * overtime compensation under the Fair Labor Standards Act of 1938 * * * to the extent that such action seeks to enforce liability * * * with respect to an activity which was not compensable under subsections (a) and (b) of this section."

One case can serve as a test for all the actions and the respondent's counsel, who is attorney for the plaintiffs, has offered to cooperate in making a test case. Also by examination before trial, after denial of jurisdiction in their answers, the defendants may be able to develop facts which will permit a prompt decision in their favor, if they are entitled to it, since the district court must dismiss an action at any stage of the proceeding if satisfied that jurisdiction is lacking. 28 U.S.C.A. § 80.

For the foregoing reasons we are not convinced that the lack of jurisdiction in the district court is so clear and other remedies available to the petitioners so inadequate as to require issuance of the requested writs. Ex parte Fahey, supra; In re Eastman Kodak Co., 3 Cir., 48 F.2d 125, 127. The petitions are denied.