## CITY OF HOPKINSVILLE v. BURCHETT.

Court of Appeals of Kentucky.

Jan. 16, 1953.

W. H. Southall, Hopkinsville, for appellant.

John O. Hardin, Hopkinsville, for appellee.

MOREMEN, Justice.

This appeal is from a judgment of the Christian Circuit Court awarding appellee, Elizabeth Burchett, damages in the amount of $3600 against the city of Hopkinsville, appellant.

Appellee instituted an action against the appellant and D. L. Maddox, sexton of the city cemetery, for damages resulting from the disinterment and reburial of appellee's mother, without notice to or the permission of appellee. It was alleged in this petition that appellant was a municipal corporation with power to operate a cemetery within its corporate limits; that on March 13, 1950, appellee's mother was buried in a grave dug by appellant, its servants, agents and employees in a lot in the city ceme-

tery; that in the same month the appellants "by themselves and through their servants, agents and employees, willfully, and secretly disinterred, displaced and reburied the body of plaintiff's mother, Mary Ferris Burchett, and deposited it in another grave without plaintiff's authority, knowledge, or consent, and without giving plaintiff an opportunity to witness the disinterment and reburial of the body of her mother, to the end that she may have been assured that it was orderly done and without indignity or molestation as well as to afford her an opportunity to have actual knowledge that it was actually reburied; and by reason thereof she has suffered great mental pain, suffering and anguish, to her damage in the sum of Ten Thousand Dollars."

Appellant insists that the Circuit Court erred in three particulars: (1) the demurrer to the petition should have been sustained because it was not alleged that the city was functioning in a proprietary manner; (2) appellant's motion for a peremptory instruction should have been sustained because the operation of a municipal cemetery is the exercise of a governmental function and the city is therefore not liable for torts of its employees; and (3) the damages awarded were excessive.

In support of its first contention the city relies principally on City of Bellevue v. Hall, 295 Ky. 57, 174 S.W.2d 24, in which the petition merely stated that plaintiff was at the time he received his injuries working as an employee of a municipal corporation and that the task assigned him was the flooring-over of a stair well in the city hall. It was pointed out in the opinion that since the liability of a municipality for torts in the performance of corporate or private functions is the exception to the general rule of its immunity from liability for torts, the servant, in his action against it for injuries sustained, must allege that the city was not engaged in the performance of a governmental function when he, its employee, was injured. Or, in the alternative, sufficient facts must be averred to show that the municipality was not acting in its governmental capacity.

We think the petition in this case meets the test of the above rule because sufficient facts were alleged to show that the city was operating a cemetery and it was not necessary, in addition, to aver the legal conclusion that such an operation was proprietary in nature. The demurrer to the petition was properly overruled.

Appellant's second contention involves the question of whether the operation of a municipal cemetery is the exercise of a governmental function, and in the comprehensive brief filed in support of its theory that it was functioning within its governmental power the city has cited a great number of cases in which this court has classified the various activities of a municipality as being either governmental or proprietary in nature. It is argued by analogy that the function here involved should be classified as one in which the sovereign power is exercised. However, no case involving a cemetery is cited and the question is novel to this court.

We are of belief that where a city owns a cemetery and sells lots for burial purposes, it should be charged with the same degree of care in preventing injury to others as would be required of natural persons or private corporations. This decision is in accordance with the general rule. In McQuillin's Municipal Corporations, Section 53.116, it is said:

"A city operating a cemetery functions in its proprietary capacity. A municipality which owns or controls a cemetery has been held liable for the acts of its officers, which it has ratified, in an exercise, in an unlawful manner, of its statutory powers in connection with such cemetery. And where a municipality owns a cemetery within its limits, under lawful authority, especially where it sells lots therein for burial purposes, it must exercise the same degree of care in preventing damage to others as would be required of natural persons, and it is liable for its negligence in connection therewith."

The text is supported by the following cases: Department of Treasury v. Evans-

ville, 223 Ind. 435, 60 N.E.2d 952; City of Atlanta v. Rich, 64 Ga.App. 193, 12 S.E.2d 436 (quoting McQuillin's text); Hollman v. Platteville, 101 Wis. 94, 76 N.W. 1119; Gorsuch v. City of Springfield, Ohio App., 61 N.E.2d 898, approving City of Toledo v. Cone, 41 Ohio St. 149.

 Finally, it is urged that the damages are excessive. It is always difficult in cases such as the one presented here to determine what might be correct and proper damages. Grief, mental anguish, nervous shock, and similar disturbances are difficult to define in terms of dollars. Since we are committed to the rule that mental pain and anguish in such cases are compensable, Resthaven Memorial Cemetery v. Volk, 286 Ky. 291, 150 S.W.2d 908, and the amount of the award is not such as appears to have been given under the stimulus of passion or prejudice, we believe the verdict of the jury should not be disturbed.

The judgment is therefore affirmed.