R. G. PEACE and Pat Peace, Appellants,

v.

The CITY OF CENTER, TEXAS,
Appellees.

No. 23387.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1967.

Rehearing Denied March 3, 1967.

B. L. Collins, Lufkin, Tex., for appellants.

Dudley Davis, Center, Tex., for appellees.

Before JONES and DYER, Circuit Judges, and SPEARS, District Judge.

JONES, Circuit Judge:

After commencing and dismissing a suit in a Texas court, the appellants, R. G. Peace and Pat Peace, husband and wife, filed a complaint in the United States District Court of the Eastern District of Texas against the City of Center, Texas. The appellants' original complaint was amended and by their amended complaint they asserted ownership of several contiguous tracts of land bordering upon a lake which had been created by the erection of a dam across Mill Creek by the appellee, City of Center, for the purpose of impounding a municipal water supply. The City, it was alleged, raised the dam about two feet, without appellants' knowledge or consent, raising the water level of the lake and flooding about twenty acres of appellants' land. Several separate claims of damage, aggregating $11,000, were made. It was charged that by reason of the unlawful and grossly negligent manner of the City and total disregard of appellants' rights, they have suffered exemplary and punitive damages in the amount of $20,000. An injunction was sought to require the City to open a valve which would lower the water in the lake. An application for a temporary injunction was denied.

The City answered. In its answer it set out the fact that it had, after the appellants had brought their Federal court action, filed a suit in a Texas court to condemn the property of the appellants which had been flooded by the raising of the dam. A second application for an injunction was made by the appellants and denied by the court. In the state court condemnation case a value of $4,-500 was found to be the value of the property taken. That amount was paid into the registry of the court by the City and withdrawn by the appellants pursuant to a state court order which recited that it was "without prejudice to any right which they [the appellants and a lienholder] have to further prosecute their pleas, objections, exceptions and contest in this matter." The district court, at this juncture of the cause, entered an order reciting that since the City had instituted condemnation proceedings, the court did not have jurisdiction of the issues remaining and dismissed the cause without prejudice to the prosecution in a state court of an action for damages sustained between the time the lands were flooded and the time of the taking by condemnation. An appeal was taken from the order of dismissal.

■■ We think that the case as it comes before us does not set out a case for exemplary or punitive damages. The allegation of the complaint is

"That by reason of the unlawful and grossly negligent manner of Defendant and total disregard of Plaintiffs' rights, in taking said property of the plaintiffs and inundating and flooding the same with said backwaters, in addition to the actual damages sustained by the Plaintiffs hereinabove alleged, Plaintiffs have suffered exemplary and punitive damages at the hands of the Defendant, the City of Center, Shelby County, Texas, in the sum of Twenty Thousand and No/100 ($20,000.00) Dollars, for all of which damages these plaintiffs now come and sue."

In order to recover punitive or exemplary damages against a municipal corporation under the law of Texas, which is here controlling, it must be pleaded and proved that the acts giving rise to the claim were committed with such malice or evil intent, or such gross negligence as to be equivalent to such intent. Bassham v. Evans, Tex.Civ.App., 216 S.W. 446; 1A Barron & Holtzoff Fed.Prac. & Proc., Wright Ed. 143. The plaintiffs alleged a trespass on and a taking of their property but no such state of circumstances as would permit the recovery of punitive damages. Town of Jacksonville v. Pink-

ard, Tex.Civ.App., 40 S.W.2d 841; Ostrom v. City of San Antonio, 33 Tex.Civ. App. 683, 77 S.W. 829. Therefore the punitive damage element of the case does not require consideration by the district court or by this Court.

■ The City contends that the pleadings of Mr. and Mrs. Peace do not show a claim upon which relief can be granted. We reach a different conclusion. It was asserted that the City took and appropriated their property and deprived them of the use of it without compensation and without condemnation. These averments, we think, stated a claim for the taking of property without due process of law in violation of the Fourteenth Amendment and presented a Federal question. Mosher v. City of Phoenix, 287 U.S. 29, 53 S.Ct. 67, 77 L.Ed. 148. Much can be said to support a contrary view, and has been said by this Court in Screven County v. Brier Creek Hunting & Fishing Club, 5th Cir. 1953, 202 F.2d 369.

■ The Federal question-due process claim disappeared from the case when the City brought a condemnation suit in the state court. Left in the case is the question of the right to damages for the trespass between the time of the flooding and the time of the taking by condemnation. This presents no Federal cause of action. Recovery can be had in the Texas courts. State v. Lasiter, Tex.Civ.App., 352 S.W.2d 915. Since the Federal element has been removed prior to reaching the cause on the merits, and the state cause of action remaining is cognizable in the state courts, it follows that dismissal was proper. McFaddin Express, Incorporated v. Adley Corporation, 2nd Cir. 1965, 346 F.2d 424; T. B. Harms Company v. Eliscu, 2nd Cir. 1964, 339 F.2d 823; Robinson v. Stanley Home Products, Inc., 1st Cir. 1959, 272 F.2d 601; Wallace Ranch Water Co. v. Railroad Commission, 9th Cir. 1931, 47 F.2d 8.

The order of dismissal is

Affirmed.