# EMERALD SWIMMING POOLS
## OF OREGON, INC., *Appellant,*
*v.*
# FRUICHANTIE et ux, *Respondents.*
## (No. 77-6865, CA 11418)

593 P2d 1226

John C. Fisher, Eugene, argued the cause for appellant. With him on the brief was Thompson, Mumford & Anderson, Eugene.

William Bodtker, Albany, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Buttler, Joseph and Tongue, Judges.

BUTTLER, J.

**BUTTLER, J.**

Plaintiff brought this action to recover the unpaid balance defendants contracted to pay for plaintiff's construction of a swimming pool on defendants' lot, and to recover for chemicals and equipment sold and delivered in connection with the pool. Defendants counterclaimed for damages attributable to certain defects in the pool and to plaintiff's failure to make timely application for, or to obtain, a building permit for the pool. The case was tried to the court, which found in favor of defendants and awarded them damages on their counterclaim. Plaintiff appeals, assigning error only to the trial court's judgment for defendants on the counterclaim, and to the court's failure to find for plaintiff on its claim for goods sold and delivered.[1] We reverse.

Plaintiff's first assignment of error is that:

> "The judgment of the trial court [on the counterclaim] was unsupported by the evidence; the court erred in awarding defendants damages because of plaintiff's alleged failure to obtain a building permit."[2]

The parties agree that the trial court based its determination for defendants on their counterclaim on the failure of plaintiff to obtain a building permit, and both parties limit their argument in this court to that claim.

Plaintiff argues *inter alia* that there was no proof of the fact of damage or that any damage was the fault of plaintiff's failure to obtain a building permit. The

---

[1] Plaintiff does not assign error to the court's denial of relief on its cause of action for the unpaid balance.

[2] Although the language of the assignment of error is ambiguous as to whether plaintiff contends that the judgment was contrary to the weight of the evidence or that there was no substantial evidence to support the judgment, the substance of plaintiff's supporting arguments make it clear that the latter is the intended meaning.

Plaintiff does not argue that there was insufficient evidence to support a judgment based on defendants' allegations that the pool was defective. Plaintiff's argument relates only to the evidence supporting defendants' alternative theory that they were injured by the failure to obtain the building permit.

[735]

evidence indicates that plaintiff agreed to procure the building permit for the pool, that plaintiff did not apply for the permit until the pool had already been installed, and that Linn County Planning Department personnel refused to issue the permit after plaintiff made its untimely application because the size of defendants' lot did not meet the zoning requirements for the issuance of *any* building permit for the lot. Defendants' theory of how they were injured by this sequence of events is that the pool is a nuisance under the Linn County zoning code, that the pool is subject to abatement under the code, and that the pool's existence on defendants' property can result in criminal penalties provided by the code.

As of the time of trial, no action had been taken or threatened by Linn County with respect to the pool. Whether or not such action ever will be taken is entirely speculative. *See* §§ 33.040 and 33.080 of the ordinance.[3] Uncertainty as to whether defendants have been damaged precludes recovery. *Chapman v. Gen. Pet. Corp.,* 152 Or 147, 52 P2d 190 (1935). A

---

[3] Section 33.040 of the ordinance provides:

"Any use which is established, operated, erected, moved, altered, enlarged, painted, or maintained contrary to the zoning regulations shall be and is hereby declared to be unlawful and a public nuisance, and may be abated as such."

Section 33.080 of the ordinance provides:

"Any person, firm or corporation violating any provisions of this Ordinance shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punishable by fine of not more than $500 or by imprisonment for a period not to exceed one hundred (100) days, or both such fine and imprisonment."

It is questionable whether the Linn County ordinance is even part of the record. The parties stipulated only to the introduction of section 33.080, which prescribes penalties, but which does not define violations. County ordinances are not subject to judicial notice unless pleaded in accordance with ORS 16.510(2). The zoning code was not so pleaded. However, both parties argue in their briefs about the meaning of provisions of the ordinance other than the one section which was introduced into evidence. In addition to the provisions relating to violations, the portions of the ordinance which were not introduced contain a variance procedure which might well enable defendants to avoid any injury attributable to the presence of the unauthorized pool on their lot.

procedure exists for obtaining a variance, but no effort has been made to obtain one.

Accordingly, we conclude that defendants did not prove that they have in fact been damaged; the trial court's judgment in favor of defendants on the counterclaim is reversed.

■ Plaintiff's second assignment of error is that the trial court's judgment against plaintiff on its cause of action for goods sold and delivered was unsupported by the evidence. Plaintiff's evidence that the goods were in fact requested by and delivered to defendants, and that the goods had the values alleged, was undisputed. Defendants' affirmative defense is that plaintiff misrepresented its intention to obtain a building permit for the pool, and that defendants' agreement to buy the goods was made in reliance on that misrepresentation. There is, however, no evidence that plaintiff did not intend to obtain a permit at the time it agreed to do so.

The judgment for defendants on their counterclaim is reversed; the judgment against plaintiff on its second cause of action is reversed and the cause is remanded for the entry of a judgment for plaintiffs on that cause of action.[4]

Reversed and remanded.

---

[4] No error is assigned to the entry of a Supplemental Judgment awarding defendants attorney's fees.