**The CITY OF GLADEWATER and Gladewater Memorial Park, Appellants,**

v.

**Harold PIKE, Sr., et al., Appellees.**

**No. 9379.**

Court of Appeals of Texas, Texarkana.

March 4, 1986.

Rehearing Denied April 2, 1986.

Earl Roberts, Jr., Roberts, Harbour Law Firm, Longview, for appellants.

Frank Supercinski, Longview, for appellees.

GRANT, Justice.

The City of Gladewater and Gladewater Memorial Park appeal a judgment awarding $2,000.00 in actual damages and $20,000.00 in punitive damages for the failure to keep records of the location of the grave of the infant son and brother of the appellees.

Gladewater contends that the trial court erred in holding the municipality liable for exemplary damages, in allowing the jury to make a finding on gross negligence, and further complains that the evidence is not sufficient to support exemplary damages or to support the jury's proximate cause finding on the actual damages.

Johnny Mack Pike died at two years of age on January 15, 1952. He was buried in Gladewater Memorial Park, which is owned and operated by the City of Gladewater. The family plan was to bury him between his mother and father in the middle plot of the three plots purchased from the Gladewater Memorial Park. When Johnny's mother died in 1976, the family attempted to carry out the plan and bury her beside Johnny. The family was told by city officials that the plots originally purchased were not vacant, and they were given certificates of title in different lots in exchange for the original lots. The burials in the original Pike family plots were contrary to city ordinances which required permission of lot owners to bury someone in a plot. The ordinance also required the City, its manager, and the cemetery board members to keep records of the identity and grave location of persons buried there. Current and former city managers and city secretaries testified that no records were kept of the identity of persons buried in the cemetery. No one could verify exactly how many graves were occupied or who was buried in the cemetery.

Because Johnny's mother's intended grave was occupied, she was buried in another location in the cemetery. In 1982, in an attempt to put mother and child together, Mrs. Pike's remains were exhumed and moved to another part of the cemetery. An attempt was then made to remove Johnny's remains to the area where his mother was buried. Johnny's grave was opened, but no part of his casket, remains or clothing were found. In opening Plot 4 of Block M, which had been designated for Johnny,

the casket of an adult was found with adult shoe soles exposed at the end of the casket. The records of the City of Gladewater do not reflect where Johnny Mack Pike was buried. City records show only the original lots which were purchased by the Pike family. The jury found that no records of the location of the grave of the infant Pike had been kept by the City of Gladewater or the park, that such failure occurred as the result of the negligence of the City and the park, and that such negligence was the proximate cause of the occurrence. The jury also found that the failure to record the grave site was the result of gross negligence.

Testimony was given by family members concerning their mental anguish resulting from the loss of the grave location. When Mildred Powell, Johnny's sister, approached the city manager about the problem, he responded, "What do you expect me to do about it?" She testified that she had "nightmares of [her] little brother begging to be left alone to rest." At some time following the attempted exhumation of Johnny, the city manager and a local mortician suggested to appellees that they fill a wooden box, supplied by the mortician, with toys, pictures or other effects of Johnny and bury it as if the body were in the box. The jury awarded Johnny's father and sister, Mildred Powell, $1,000.00 each in actual damages and $10,000.00 each in exemplary damages.

Gladewater contends that other jury findings rejected the proximate cause finding. The jury found that no other body had been buried where Johnny Mack Pike had also been buried. This was only a determination that the child had not been buried in the purchased gravesite. The jury also found that the child's grave had not been desecrated. There was no evidence showing desecration of the actual grave, because the burial site had not been located.

The jury also found that the child's body had not been lost from "where Johnny Mack Pike was previously buried." This finding indicates that the body remained in the original gravesite, wherever it might be.

The jury further found that the original plots were not sold to others without the permission of the Pike family. This does not negate that someone was erroneously buried in the originally purchased plot, but rather finds that the City had not resold these plots.

■ Any ambiguities in these issues should be construed to be consistent with the other jury findings and the judgment. Under this construction, we find the evidence supports the jury's finding of proximate cause.

Gladewater complains that it is not liable for exemplary damages because it is a municipality,[1] because the facts of this case, and because gross negligence cannot be the basis for the recovery of the exemplary damages against a municipality.

Texas Civil Practice and Remedies Code § 101.024 (Vernon 1986) specifically provides in the chapter on governmental liability (generally referred to as the Tort Claims Act) that the Act does not authorize exemplary damages. However, this segment of the law refers only to liability involving a governmental function.

■ No Texas cases have been found characterizing whether the function of owning and operating a cemetery are governmental or proprietary in nature. Other jurisdictions have determined that a city operating a cemetery functions in its proprietary capacity. *Spomer v. City of Grand Junction*, 144 Colo. 207, 355 P.2d 960 (1960); *City of Atlanta v. Rich*, 64 Ga.App. 193, 12 S.E.2d 436 (1940); *Hovis v. City of Burns*, 243 Or. 607, 415 P.2d 29 (1966); *Hollman v. City of Platteville*, 101 Wis. 94, 76 N.W. 1119 (1898); *War Memorial Hospital v. Board of County Com-*

---

**1.** The City of Gladewater did not include in its trial pleadings the affirmative defense of governmental immunity.

*missioners,* 73 Wyo. 371, 279 P.2d 472 (1955). The municipal operation of a cemetery is not essential to governing, and we hold that it is not a governmental function.

■ No Texas case has been found which allowed exemplary damages against a municipality. In the case of *Ostrom v. City of San Antonio,* 33 Tex.Civ.App. 683, 77 S.W. 829 (Tex.Civ.App.—San Antonio 1903, writ ref'd), the court said that exemplary damages cannot be recovered against a municipal corporation except under exceptional circumstances. In the case of *City of Katy v. Waterbury,* 581 S.W.2d 757 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ), the court indicates that a municipality may not be liable for exemplary damages where there does not appear to be a willfulness, wantonness, malice or gross negligence committed by it. We find that exemplary damages are recoverable against a municipality for gross negligence under the proper circumstances when it is involved in a proprietary function.

The City of Gladewater maintains that there was no support in the evidence for gross negligence, because the City's negligence was passive. Gross negligence may result from a series of negligent acts or omissions and many circumstances and elements may make up indifference amounting to gross negligence. *Burk Royalty Co. v. Walls,* 616 S.W.2d 911 (Tex.1981).

■ In the present case, we find sufficient evidence in the record to constitute gross negligence.

Malcolm Stone, a local funeral home owner, testified that the City had a history of problems in locating graves in the cemetery. He also testified that the City regularly gave its permission to bury someone in a particular lot verbally. This situation existed in spite of city ordinances requiring that the record of burials will be kept in a "well-bound book." By failing to keep the proper records, the City also violated State law, Tex.Rev.Civ.Stat.Ann. art. 912a–21

(Vernon 1966), which requires a perpetual care cemetery[2] to keep records of every interment, the name and age of the person interred, and the plot in which such interment was made.

Somewhere in Gladewater Memorial Park the Pike child is buried, but because the City totally neglected to abide by its own ordinance, the family members cannot know where, and he cannot be laid by his mother as the family intended. The City's omissions deprived the plot owners of the planned use of the plots which they had purchased. We find such omission sufficient to amount to conscious indifference and to present a proper circumstance for exemplary damages.

The judgment is affirmed.

---

**2.** Section 10–4–1 of the Gladewater City Ordinances established this cemetery as a municipal perpetual care cemetery.