Argued and submitted May 20, portion of judgment reversed; otherwise affirmed
December 18, 1991

Margaret H. BURROUGH,
*Respondent,*

*v.*

TWIN OAKS MEMORIAL GARDEN, INC.,
*Appellant.*

(89-1860; CA A65967)

822 P2d 740

Philip R. McConville, Eugene, argued the cause and filed the brief for appellant.

Patrick L. Hadlock, Corvallis, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

In this negligence action, plaintiff sought damages against defendant cemetery for burying her deceased husband in the wrong gravesite. After a jury trial, judgment was entered for plaintiff, awarding her damages in the amounts of $5,000 for the mental distress that she suffered as a result of defendant's negligence, and $1,800 for the anticipated future expenses for the removal and reburial of her husband at a different cemetery. Defendant appeals from that judgment. We affirm in part and reverse in part.

In September, 1957, plaintiff and her husband purchased four gravesites in Lot #91 of defendant's cemetery for $400. When Mr. Burrough died in July, 1988, defendant prepared to bury him in Lot #91 but discovered that a Mr. Kirk had been buried there in 1981. Mr. Kirk had owned the adjacent Lot #115, also containing four gravesites, all of which were unoccupied. After discovering the mistake, defendant elected to bury Mr. Burrough in the Kirk plot. However, it did not advise plaintiff of the mistake until one week later, when plaintiff went to the cemetery to order a grave marker. Defendant's representative testified that plaintiff was "very upset" when she learned of the misburial and that she instructed defendant not to set the grave marker.

Some facts are disputed. Plaintiff testified that, on her first visit to the grave in December, 1988, she discovered that the grave marker had been set against her wishes. However, defendant's representative testified that plaintiff had called in mid-September to instruct her to set the grave marker. At trial, plaintiff testified that two funeral homes had estimated that it would cost between $1,600 and $1,800 to disinter her husband and rebury him at another cemetery. Defendant objected to that testimony and moved to strike plaintiff's claim for the cost of reburial. Defendant also moved for a directed verdict on plaintiff's claim for damages for mental distress. The trial court denied both motions.

Defendant's first argument is that the trial court erred in denying its motion for a directed verdict on plaintiff's claim for damages for mental distress that she allegedly

suffered as a result of defendant's negligence. In the alternative, defendant contends that the trial court abused its discretion in denying defendant's motion to strike that claim. In *Hovis v. City of Burns*, 243 Or 607, 415 P2d 29 (1966), a cemetery had mistakenly buried the plaintiff's husband in the wrong gravesite. Without the plaintiff's permission the cemetery disinterred the body and reburied it in the proper gravesite. The court held that the plaintiff was entitled to recover for her mental anguish in a negligence action, even though no physical injury had accompanied the emotional impact. Defendant argues that *Hovis* must be limited to its facts, with the result that plaintiff has no cause of action here, because no disinterment actually occurred.

We cannot set aside a verdict in favor of plaintiff, the party opposing the motion, unless there is no evidence from which the jury could have found the facts necessary to establish the elements of the claim. Or. Const, Art VII (amended), § 3; ORS 19.125(1). Plaintiff does not claim that a disinterment occurred. Her point is that *Hovis* does not establish that *only* disinterment can cause mental distress sufficient to constitute a claim for non-economic damages in the absence of physical injury. In *Hovis*, the court held that, because the defendant was a city-owned cemetery, ORS chapter 97 did not apply to it. ORS 97.020.[1] Nevertheless, the court recognized, "independent of statute, a right in a surviving spouse to recover for mental anguish caused by *the unauthorized or negligent handling of the deceased*." 243 Or at 611. (Emphasis supplied.) Under that common law right, the plaintiff could recover for the mental distress caused by the defendant's improper disturbance of the remains.

We agree with plaintiff that *Hovis* does not limit recovery to the act of unauthorized or negligent disinterment of a deceased. Instead, the holding of *Hovis* is that, "where the wrongful act constitutes an infringement of a legal right, mental suffering may be recovered for, if it is the direct, proximate and natural result of the wrongful act." 243 Or at

---

[1] ORS 97.020 provides, in part:

"The provisions of ORS [chapter 97] relating to private cemeteries do not apply to:

"* * * * *

"(2) Any county, town or city cemetery."

612 (*quoting Hinish v. Meier and Frank Co.*, 166 Or 482, 506, 113 P2d 438 (1941)).

Defendant is a private cemetery and, therefore, its actions are governed by ORS chapter 97. Specifically, ORS 97.130(1) provides that the right to control the disposition of the remains of a deceased person vests in the surviving spouse.[2] Defendant infringed on that right by burying Mr. Burrough in the wrong grave without plaintiff's knowledge or permission. It is irrelevant that defendant did not thereafter disinter the body, because the damage was already done. Because there is evidence from which the jury could have found that plaintiff suffered mental distress as a direct and proximate result of defendant's negligence, the trial court did not err in denying defendant's motion for a directed verdict on that claim. For the same reasons, we hold that the trial court did not abuse its discretion in denying defendant's motion to strike plaintiff's claim for mental distress damages.

Defendant argues next that the trial court erred in denying its motion to strike plaintiff's claim for damages representing the cost of removing and reburying Mr. Burrough. Defendant contends that the evidence is entirely speculative as to whether plaintiff will incur those expenses. Defendant also argues that there was an absence of proof of the amount of those damages, because the only testimony regarding the anticipated expenses was what plaintiff had been told by two other cemeteries.

Although uncertainty as to the amount of damages will not always prevent recovery, when the evidence as to whether a plaintiff will suffer *any* economic damage from a

---

[2] ORS 97.130(1) provides:

"Subject to the provisions of ORS 97.250 to 97.290 [Anatomical Gifts], any of the following persons, in order of priority stated, when persons in prior classes are not available at the time of death, and in the absence of actual notice of opposition by a member of the same or a prior class, shall have the right to control the disposition of the remains of a decedent:

"(a) The spouse.

"(b) A son or daughter 18 years of age or older.

"(c) Either parent.

"(d) A brother or sister 18 years of age or older.

"(e) A guardian of the decedent at the time of death of the decedent.

"(f) A person in the next degree of kindred."

defendant's negligence is left to mere speculation, there is no right to recovery. *Horn v. National Hospital Association*, 169 Or 654, 679, 131 P2d 455 (1942); *Emerald Swimming Pools v. Fruichantie*, 39 Or App 733, 736, 593 P2d 1226 (1979). As of the time of trial, no reburial had been performed and plaintiff's cryptic testimony was that she had no specific plans to do so if she could get a new deed granting her ownership of the four gravesites in Lot #115. The underlying basis for the recovery of damages in a negligence action is that the plaintiff must have been actually damaged. In this case, there is simply no evidence that plaintiff sustained damages for reburial and, whatever her actions in the future may be, a preemptive award of damages would be purely speculative. Accordingly, we hold that the trial court erred in denying defendant's motion to strike that damage claim.[3]

Portion of judgment awarding damages for reburial expenses reversed; otherwise affirmed.

---

[3] Defendant also argues that the trial court erred in failing to sustain its objection to plaintiff's hearsay testimony regarding the estimates of two other cemeteries as to the cost of removal and reburial. Because we reverse plaintiff's award of economic damages, defendant's additional related arguments do not require discussion.